## LEACOCK v. STRIKER.

*(Common Pleas of New York City and County, General Term.   July 18, 1890.)*

MASTER AND SERVANT—DISCHARGE—QUANTUM MERUIT.

An engineer, employed by the month, who has been discharged for negligence after working nine days, and who has refused a tender of half a month's wages for his services, cannot recover for the services rendered on a *quantum meruit.*

Appeal from eleventh district court.

Action by Thomas Leacock against Elsworth L. Striker for an alleged unlawful discharge from defendant's employment.   The court dismissed plaintiff's complaint, and he appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Reynolds & Harrison,* for appellant.   *Bliss & Schey, (John J. Lenehan,* of counsel,) for respondent.

PER CURIAM.   The plaintiff, who was employed as an engineer, having been discharged, brought this action to recover, as damages, his wages for a month.   The defense was a justification of the discharge, on the ground of plaintiff's negligence and carelessness as engineer, and a counter-claim for damages arising from such negligence and carelessness.   After hearing the testimony offered, the justice dismissed plaintiff's complaint, and did not allow any part of defendant's counter-claim.   Hence plaintiff's appeal.   We have carefully examined the return, and the only question raised by it seems to be one of fact, and we think the evidence of negligence, although conflicting, quite sufficient to sustain the justice's finding in that respect.   But appellant contends that, even if this were so, inasmuch as he had worked for nine days during the month in which he was discharged he should have had a judgment for such services on a *quantum meruit.*   But the return shows that, when discharged, he was tendered a half month's wages for those days, which he refused.   The judgment should therefore be affirmed, with costs.